1  Law Office of James P. Baker
   3701 Sacramento Street #191
2  San Francisco, CA 94118
   Telephone (415) 548-0707
3  Email: jpbaker@jpbakerlaw.com

4  Attorney for Plaintiffs

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10

11

12  THE BOARD OF TRUSTEES, in their              **Case No.  3:22-cv-316**
    Capacities as Trustees of The U.A. Local 38
13  Defined Benefit Pension Trust Fund, The U.A.  **COMPLAINT FOR BREACH OF**
    Local 38 Defined Contribution Pension Trust   **CONTRACT, DAMAGES AND AUDIT**
    Fund, The U.A. Local 38 Health & Welfare
14  Trust Fund, The U.A. Local 38 Scholarship
    Trust Fund, The U.A. Local 38 Vacation and
15  Holiday Trust Fund, The U.A. Local 38 Group
    SUB Trust Fund, The U.A. Local 38 Joint
16  Apprenticeship Trust Fund, The U.A. Local 38
    Childcare Trust Fund, and The U.A. Local 38
17  Jury Duty Trust Fund

18                                    Plaintiffs,

19  v.

20

21  KAMRAN N. AMIRI, individually, KAMRAN
    METALWORKS, INC., and KAMRAN AND
    COMPANY, INC., California Corporations
22

23                                    Defendants.

24

25

26

27

28

Law Office of
James P. Baker
3701 Sacramento Street #191
San Francisco, CA 94118
Telephone (415) 548-0707
jpbaker@jpbakerlaw.com

COMPLAINT FOR.BREACH OF CONTRACT, DAMAGES AND AUDIT
CASE NO 3:22-CV-316

Plaintiffs, by their attorney, allege the following Complaint.

## I.  JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

1.  **Jurisdiction**. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. section 1331 because it is a civil action arising under the laws of the United States, and pursuant to ERISA section 502(e)(1), 29 U.S.C. section 1132(e)(1), which provides for federal jurisdiction of actions under Title I of ERISA. This Court has personal jurisdiction over Defendants because Kamran Metalworks, Inc., and Kamran and Company, Inc. (collectively referred to as "Kamran") transacts business in and has significant contacts with this District, and because ERISA provides for nationwide service of process. See, ERISA section 502(e)(2), 29 U.S.C. section 1132(e)(2).

2.  **Venue**. Venue is proper in this District pursuant to ERISA section 502(e)(2), 29 U.S.C. section 1132(e)(2), because some or all of the violations of ERISA occurred in this District, because Defendants may be found in this District and because the Trust Funds' contributions are due and payable in the City and County of San Francisco.  Venue is also proper in this District pursuant to 28 U.S.C. section 1391 because Defendants do business in this District, and a substantial part of the events or omissions giving rise to the claims asserted occurred within this District.

3.  **Divisional Assignment**.  This action arises in the City and County of San Francisco where the Trust Funds are headquartered and administered. The failure by Kamran to respond to audit requests directly impacts the Trust Funds' ability to fund plan benefits, and impacts plan operations and plan administration.

## II.  PARTIES

1.  Plaintiffs are the members of the Board of Trustees for the U.A. Local 38 Defined Benefit Pension Trust Fund, The U.A. Local 38 Defined Contribution Pension Trust Fund, The U.A. Local 38 Health & Welfare Trust Fund, The U.A. Local 38 Scholarship Trust Fund, The U.A. Local 38 Vacation and Holiday Trust Fund, The U.A Local 38 Group SUB Trust Fund, The U.A.

Law Office of
James P. Baker
3701 Sacramento St, #191
San Francisco, CA 94118
Telephone (415) 548-0707
jpbaker@jpbakerlaw.com

COMPLAINT FOR.BREACH OF CONTRACT, DAMAGES AND AUDIT
CASE NO 3:22-CV-316

1  Local 38 Joint Apprenticeship Trust Fund, The U.A. Local 38 Childcare Trust Fund, and The U.A.

2  Local 38 Jury Duty Trust Fund (hereafter collectively referred to as the "Trust Funds").

3      2.    Each of the Trust Funds is an "employee benefit plan" and a "multi-employer plan"

4  within the meaning of 29 USC sections 1002 and 1002(37A). Each of the Trust Funds is a "Taft-

5  Hartley" Trust Fund pursuant to 29 USC section 186. Each of the Trust Funds is administered by

6  a Board of Trustees who are empowered to bring a civil action in accordance with the express

7  terms of each Trust Agreement. The Trust Funds and their respective Boards of Trustees shall

8  hereinafter be designated collectively as the "Plaintiffs."

9      3.    Defendant Kamran Amiri, does business as Kamran Metalworks, Inc., and Kamran

10  and Company, Inc.,  California corporations (hereinafter collectively referred to as "Kamran" or

11  "Defendants").  Defendants are employers within the meaning of 29 USC section 1002(5) and

12  29 USC section 1145.  Kamran is also an employer in an industry affecting commerce as defined

13  by the LMRA, 29 USC section 142(1), (3) and 152(2), and ERISA, 29 USC section

14  1002(5),(9),(11),(12), (14) and the Multiemployer Pension Plan Amendments Act, 29 USC section

15  1001a. The Defendants conduct business in the State of California, and in the jurisdiction of U.A.

16  Local 38 as a contractor in the plumbing and pipefitting industry.

17  **III.    SUBSTANTIVE ALLEGATIONS**

18      1.    Kamran Metalworks, Inc. is a signatory employer and is bound to a written

19  collective bargaining agreement ("CBA") with the U.A. Local 38 Plumber and Pipefitters Union

20  ("Local 38"), a labor organization within the meaning of 29 USC section 185. A true and correct

21  copy of the Local 38 CBA is attached hereto as **Exhibit A**. Kamran Metalworks, Inc. as a signatory

22  employer has agreed its journeymen and apprentice plumbers and pipefitters are subject to the

23  terms and conditions of the Local 38 CBA.

24      2.    Plaintiffs allege on information and belief that Kamran Metalworks, Inc. owns and

25  operates Kamran and Company, Inc. Plaintiffs further aver that Kamran Metalworks, Inc. and

26

27

28

Law Office of
James P. Baker
3701 Sacramento St, #191
San Francisco, CA 94118
Telephone (415) 548-0707
jpbaker@jpbakerlaw.com

2

COMPLAINT FOR.BREACH OF CONTRACT, DAMAGES AND AUDIT
CASE NO 3:22-CV-316

Kamran and Company, Inc. have interrelated operations, common management and common ownership. Plaintiffs allege that Kamran and Company, Inc. is operated as a nonunion entity.

3. Plaintiffs contend that Kamran and Company, Inc. may not avoid liability under ERISA for contributions to the Trust Funds by simply showing that it has not signed the U.A. Local 38 Collective Bargaining Agreement. See, *e.g., Trustees of the Screen Actors Guild-Producers Pension & Health Plans v. NYCA, Inc*., 572 F.3d 771, 776 (9th Cir. 2009). A non-signatory company, like Kamran & Company, may be liable if it is the alter ego of the signing company, if the entities are a single employer, or if the interests of the non- signatory and signatory parties are materially inseparable. *Id*.

4. The Local 38 CBA by its terms incorporates the various Trust Agreements governing each of the Plaintiff Trust Funds (hereinafter collectively referred to as the "Trust Agreements"). As a signatory to the Local 38 CBA, Kamran is bound by the Trust Agreements. Under the terms of the Local 38 CBA, Kamran has agreed to pay the Trust Funds certain sums of money for each hour worked by employees who are covered by the Local 38 CBA. Plaintiffs allege that from June 1, 2018 to the present Kamran has employed employees covered by the Local 38 CBA.

5. Section 49 of the Local 38 CBA states:

> (d) RIGHT OF TRUSTEES TO AUDIT EMPLOYER'S BOOKS. (1) The Trustees of any Trust Fund established under this Agreement may inspect or audit the payroll books of any Employer at any reasonable time for the purpose of ascertaining whether contributions to the Funds have been made as required by this Agreement.

6. The Agreement and Declaration of Trust for the U.A. Local 38 Defined Benefit Pension Trust Fund (hereafter "Pension Trust Agreement") requires contributing employers, like Kamran, to permit an accountant selected by the Board to visit the employer's premises to audit the employer's books and records to determine whether the employer is making full and prompt payments to the Trust Fund. See also, Local 38 Pension Trust Agreement (copy attached as **Exhibit B**) at section 5.3. All of the Plaintiff Trust Agreements contain similar provisions giving

Law Office of
James P. Baker
3701 Sacramento St, #191
San Francisco, CA 94118
Telephone (415) 548-0707
jpbaker@jpbakerlaw.com

their respective Boards have the power to appoint an accountant to conduct an audit of contributing employers.

7.      The Trust Agreements and the Local 38 CBA provide for prompt payment of all delinquent contributions to the Trust Funds, and the payment of interest and liquidated damages on all delinquent contributions. The Trust Agreements further provide that if they are forced to sue an employer to conduct an audit then the employer must pay the Trust Funds' attorney's fees and other collection costs.

## FIRST CLAIM FOR RELIEF
## BREACH OF CONTRACT

1.      Plaintiffs incorporate by reference all allegations set forth above.

2.      Pursuant to the Local 38 CBA and the Trust Agreements, an audit of Defendant's books and records, covering the time period from January 1, 2018, to June 30, 2020, was requested to determine whether Kamran Metalworks, Inc. and Kamran and Company, Inc. had complied with their reporting and payment obligations concerning contributions owed for work covered by the Local 38 CBA and the Trust Agreements. The auditor for the Trust Funds wrote to Kamran Metalworks, Inc. on March 18, 2021, (attached as **Exhibit C**), on April 2, 2021, (attached as **Exhibit D**), May 19, 2021 (attached as **Exhibit E**) and on August 6, 2021 (attached as **Exhibit F**) requesting information necessary to conduct an audit to determine whether Kamran and Company owed any contributions to the Trust Funds.  On August 19, 2021, Kamran Metalworks responded: "Kamran Metalworks will only provide information pertaining to Kamran Metalworks. Please revise your request to include only items that pertain to Kamran Metalworks." (Attached as **Exhibit G.)**

3.      Counsel for Plaintiffs wrote Kamran on November 18, 2021, (attached as **Exhibit H**) asking Kamran to provide the requested information to the auditor by December 17, 2021. Kamran did not respond to any of these written requests.

4.      The March 18, 2021, letter made the following document requests:

Law Office of
James P. Baker
3701 Sacramento St, #191
San Francisco, CA 94118
Telephone (415) 548-0707
jpbaker@jpbakerlaw.com

COMPLAINT FOR.BREACH OF CONTRACT, DAMAGES AND AUDIT
CASE NO 3:22-CV-316

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Requested Documents**

1. Payroll Timecard Report by Employee (a specific report generated within American Contractors) for the following periods:

   **January 1, 2018 through March 31, 2018,  July 1, 2019 through September 30, 2019, April 1, 2020 through June 30, 2020**

2. Workers' compensation reports for all employees employed by Kamran and Company, Inc. for the period of

   **July 1, 2016 through June 30, 2020.**

3. A/P vendor transaction report for both Company's, Kamran Metalworks, Inc. and Kamran and Company, Inc., including date, payee, job ID, job name, job location, check number and amount for the period of **July 1, 2016 through June 30, 2020.**

5.      The Agreement and Declaration of Trust for the U.A. Local 38 Defined Benefit Pension Trust Fund ("Pension Trust") requires contributing employers, like Kamran to comply with audit requests.  The Pension Trust explains:

5.3     Audits.

(a)      The Board of Trustees shall maintain suitable and adequate records of and for the administration of the Trust Fund. The Board may require any Employer, Employee, Dependent or Union to submit to it any information, data, reports, or documents reasonably relevant to and suitable for the purposes of such administration.  Such parties will use their best efforts to secure compliance with any reasonable request of the Board of Trustees for any such information, data, reports, or documents.  Upon receipt of a request in writing from the Board of Trustees, Employers shall permit an accountant selected by the Board to enter upon the premises of such Employer during business hours at a reasonable time or times, and to examine and copy such books, records, papers, or reports of such Employer as the Board may deem necessary in its sole discretion, to determine whether the Employer is making full and prompt payment of all sums it is required to pay to the Trust Fund.

(b)      If an Employer refuses the Board of Trustees' request to perform a payroll compliance test, the Employer shall be considered in breach of this Agreement.  Attorney fees may be assessed if the refusal is referred to legal counsel to enforce this Section 5.3, even if no formal legal action is initiated.  The Employer shall reimburse the Trust Fund $500.00 for each letter legal counsel is required to send to enforce this Section 5.3.  If any legal action is

Law Office of
James P. Baker
3701 Sacramento St, #191
San Francisco, CA 94118
Telephone (415) 548-0707
jpbaker@jpbakerlaw.com

5

COMPLAINT FOR.BREACH OF CONTRACT, DAMAGES AND AUDIT
CASE No 3:22-CV-316

instituted by the Trust Fund for collection of the delinquent contributions, the Employer shall pay all court costs, interest, and reasonable attorney fees.

6.      Written demand has been made on Kamran to permit the Trust Funds to conduct an audit of Kamran and Company's books and records to determine whether additional contributions to the Trust Funds are due and owing for the period between January1, 2018, and June 30, 2020. To date, Kamran has refused to comply with the Trust Funds' audit request in direct violation of Section 49 of the Local 38 CBA and Section 5.3 of the Pension Trust Agreement and similar provisions of the other Trust Agreements for the Trust Funds.

7.      Plaintiffs have complied with all conditions on their part to be performed under the terms of the applicable Trust agreements.

8.      Plaintiffs are entitled to payment of the audit liability, liquidated damages and interest if unpaid contributions are discovered, liquidated damages and interest for late paid contributions, and other reasonable expenses incurred in connection with this matter due to Defendants' failure and refusal to permit their business records to be audited in violation of the Local 38 CBA, and the terms of the Trust Agreements.

**WHEREFORE**, Plaintiffs pray judgment against Defendants as follows:

1.      That Defendants be ordered to submit to an audit covering the time period from January 1, 2018, to June 30, 2020;

2.      That this Court issue an Order permanently enjoining Defendants for so long as they remain obligated to contribute to the Trust Funds, from failing, neglecting, or refusing to timely respond or submit to audit requests as required by the terms of the Local 38 CBA, the Trust Agreements and ERISA section 502(a)(3) and section 502(g)(1) (29 USC section 1132(a)(3), and section 1132(g)(1).

3.      That Defendants be ordered to pay the Trust Funds any unpaid or delinquent contributions pursuant to 29 USC section 515.

4.      That Defendants be ordered to pay Plaintiffs' attorney's fees;

5.      That Defendants be ordered to pay Plaintiffs' costs of suit herein;

Law Office of
James P. Baker
3701 Sacramento St, #191
San Francisco, CA 94118
Telephone (415) 548-0707
jpbaker@jpbakerlaw.com

6

COMPLAINT FOR.BREACH OF CONTRACT, DAMAGES AND AUDIT
CASE No 3:22-CV-316

6.      That this Court grant such further appropriate equitable relief as this Court deems just and proper and;

7.      That this Court retain jurisdiction of this matter to enforce the Order compelling an audit and payment of all amounts found due and owing.

Dated:  January 14, 2022                                       **Law Office of James P. Baker**


                                                              By: /s/ James P. Baker
                                                                   James P Baker
                                                              Attorney for Plaintiffs

Law Office of
James P. Baker
3701 Sacramento St, #191
San Francisco, CA 94118
Telephone (415) 548-0707
jpbaker@jpbakerlaw.com

7

COMPLAINT FOR.BREACH OF CONTRACT, DAMAGES AND AUDIT
CASE No 3:22-CV-316